1  Tammy Hussin (Bar No. 155290)
2  Lemberg & Associates, LLC
3  6404 Merlin Drive
   Carlsbad, CA 92011
4  Telephone (855) 301-2100 ext. 5514
   thussin@lemberglaw.com
5
6  Lemberg & Associates, LLC
7  1100 Summer Street
   Stamford, CT  06905
8  Telephone:  (203) 653-2250
9  Facsimile:  (203) 653-3424

10 Attorneys for Plaintiff,
11 Miguel Pineda

12                                                                    ADR
13                    UNITED STATES DISTRICT COURT
14                    NORTHERN DISTRICT OF CALIFORNIA
15
16 Miguel Pineda,                          Case No.:  C12-5914
17
18              Plaintiff,                 COMPLAINT FOR DAMAGES
19        vs.                              1. VIOLATION OF FAIR DEBT
                                           COLLECTION PRACTICES ACT, 15
20 GC Services, L.P.; and DOES 1-10,       U.S.C. § 1692 ET. SEQ;
21 inclusive,                              2. VIOLATION OF FAIR DEBT
                                           COLLECTION PRATICES ACT,
22                                         CAL.CIV.CODE § 1788 ET. SEQ.
              Defendants.
23
24                                         JURY TRIAL DEMANDED
25
26
27
28

For this Complaint, the Plaintiff, Miguel Pineda, by undersigned counsel, states as follows:

## JURISDICTION

1.      This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of Plaintiff's personal privacy by the Defendants and its agents in their illegal efforts to collect a consumer debt.

2.      Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business here and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

4.      The Plaintiff, Miguel Pineda (hereafter "Plaintiff"), is an adult individual residing in San Francisco, California.

5.      The Defendant, GC Services, L.P. (hereafter "GC"), is a company with an address of 6330 Gulfton, Houston, Texas 77081, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6.      Does 1-10 (the "Collectors") are individual collectors employed by GC and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7.      GC at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

**A.      The Debt**

8.      An individual allegedly incurred financial obligation (the "Debt") was allegedly incurred to an original creditor (the "Creditor").

9.      The individual who incurred the Debt is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

10.     The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

11.     The Debt was purchased, assigned or transferred to GC for collection, or GC was employed by the Creditor to collect the Debt.

12.     The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

**B.      GC Engages in Harassment and Abusive Tactics**

13.     Within the last year, GC contacted Plaintiff in an attempt to collect the Debt.

14.     The Debt is allegedly owed by Plaintiff's brother Billy Pineda (the "Debtor").

15.     During the initial conversation and during each conversation thereafter, Plaintiff informed GC that his brother, the Debtor, could not be reached at his number, and directed GC to cease all calls to his number.

16.     Thereafter, despite having been so instructed, GC continued calling Plaintiff's cellular phone in an attempt to collect the Debt, placing daily calls to Plaintiff's cellular phone with intent to annoy and harass Plaintiff.

17.     After repeated requests that the calls stop, Plaintiff thereafter did not answer most of GC's continued calls.

18.     On several occasions, Plaintiff answered GC's calls in an effort to get the calls to stop. GC spoke with Plaintiff in derogatory and intimidating manner when Plaintiff objected to the continued calls, often times using a loud voice and demanding that he provide GC with the Debtor's employment information.

C.   **Plaintiff Suffered Actual Damages**

19.     The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

20.     As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

21.    The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692, et seq.

22.    The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

23.    The Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt, in violation of 15 U.S.C. § 1692d.

24.    The Defendants caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass, in violation of 15 U.S.C. § 1692d(5).

25.    The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

26.    The Plaintiff is entitled to damages as a result of the Defendants' violations.

## COUNT II
## VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION
## PRACTICES ACT, Cal. Civ. Code § 1788 et seq.

27.     The Plaintiff incorporates by reference all of the above paragraphs of this

Complaint as though fully stated herein.

28.     The Rosenthal Fair Debt Collection Practices Act, California Civil Code

section 1788 et seq. ("Rosenthal Act") prohibits unfair and deceptive acts and practices

in the collection of consumer debts.

29.     GC Services, L.P., in the regular course of business, engages in debt

collection and is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

30.     The Defendants caused a telephone to ring repeatedly and engaged the

Plaintiff in continuous conversations with an intent to annoy the Plaintiff, in violation

of Cal. Civ. Code § 1788.11(d).

31.     The Defendants communicated with the Plaintiff with such frequency as

to be considered harassment, in violation of Cal. Civ. Code § 1788.11(e).

32.     The Defendants failed to comply with the provisions of 15 U.S.C. § 1692,

et seq., in violation of Cal. Civ. Code § 1788.13(e).

33.     The Defendants did not comply with the provisions of Title 15, Section

1692 of the United States Code, in violation of Cal. Civ. Code § 1788.17.

34.     The Plaintiff is entitled to damages as a result of the Defendants'

violations.

## COUNT III
## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

35.    The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

36.    The Restatement of Torts, Second, § 652B defines intrusion upon seclusion as, "One who intentionally intrudes...upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

37.    California further recognizes the Plaintiff's right to be free from invasions of privacy, thus the Defendants violated California state law.

38.    The Defendants intentionally intruded upon Plaintiff's right to privacy by continually harassing Plaintiff with the above referenced matter.

39.    The telephone calls made by the Defendants to Plaintiff were so persistent and repeated with such frequency as to be considered, "hounding the plaintiff," and, "a substantial burden to her existence," thus satisfying the Restatement of Torts, Second, § 652B requirement for an invasion of privacy.

40.    The conduct of the Defendants in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

41.    As a result of the intrusions and invasions, the Plaintiff is entitled to actual damages in an amount to be determined at trial from the Defendants.

42.   All acts of the Defendants and its agents were committed with malice, intent, wantonness, and recklessness, and as such, the Defendants are subject to punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays that judgment be entered against the Defendants:

    A.  Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;

    B.  Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against the Defendants;

    C.  Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendants;

    D.  Actual damages pursuant to Cal. Civ. Code § 1788.30(a);

    E.  Statutory damages of $1,000.00 for knowingly and willfully committing violations pursuant to Cal. Civ. Code § 1788.30(b);

    F.  Actual damages from the Defendants for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy and intentional infliction of emotional distress in an amount to be determined at trial for the Plaintiff;

    G.  Punitive damages; and

H. Such other and further relief as may be just and proper.

## TRIAL BY JURY DEMANDED ON ALL COUNTS

DATED: November 13, 2012                    TAMMY HUSSIN


By: _/s/ Tammy Hussin_
Tammy Hussin, Esq.
Lemberg & Associates, LLC
Attorney for Plaintiff, Miguel Pineda